Alexander Del Giorno, J.
This is a motion for (1) substituting Mark Bothstein and Harry Fichtenbaum as claimants in Claim No. 45830 in the place and stead of Ethel Bothstein and Elsie Fichtenbaum, as claimants against the State, and (2) consolidating the trials in Claim Nos. 45830 and 46567.
That part of the motion requesting an order for substitution is granted. The claimants in Claim No. 45830, Ethel Bothstein and Elsie Fichtenbaum, having executed a complete assignment of their claim on October 17, 1966 to their respective husbands, *313 Mark Rothstein and Harry Fichtenbaum, who are the claimants in Claim No. 46567, have met the requirements concerning substitution of section 15 of the Court of Claims Act and are entitled to their request.
That part of the motion requesting the consolidation of the two actions in the names of Mark Rothstein and Harry Fichtenbaum is denied. The two claims involve two parcels which are contiguous; the smaller one, owned by the women claimants (claimed to have been purchased by the husbands in their wives’ names many years before the appropriation), is located on the southeast corner of Sunrise Highway and Little East Neck Road, Town of Babylon. The larger adjoining parcel owned by the husbands has a frontage on the south side of Sunrise Highway and adjoins the smaller parcel on the east and south sides thereof.
The larger parcel was used for a lumber business by the men claimants. On it they had constructed a concrete block salesroom with an adjoining lumber yard. The smaller parcel contained a model house (serving as a model for homes the husbands built or would build elsewhere). Portions of the vacant land on the smaller parcel were used for lumber storage in conjunction with the larger parcel, which fact is indicated on the State plans for Sunrise Highway Paving and Bridge Contract No. 2.
On the argument of the motion, the claimants’ attorney contended that the title to the smaller parcel in the wives was a mere family accommodation and that complete dominion of rights and obligations thereto was always in the husbands; that this indicated a unitary use of the two parcels by the husbands for which reason the two actions should he consolidated in order that pertinent proof of damage to the combined plottage following the first appropriation, which was of the smaller parcel, might he presented. The claimants’ attorney contended that the doctrine enunciated in Guptill Holding Corp. v. State of New York (20 A D 2d 832; after retrial 43 Misc 2d 631, affd. 23 A D 2d 434) was fully applicable to the facts of this case.
The State, on the other hand, contends that the facts herein do not justify granting of the motion for consolidation of the two claims. It argues that there are two separate claims which were filed according to title ownership; that the claimants in their separate claims make no claim to a unitary use of the two parcels; that the women claimants were offered by the State and accepted a partial payment upon their claim; that, although the later claim by the husband claimants was filed May 19, 1966, this present motion was not brought on until *314 six months later, on November 8, 1966; and that this motion is only an afterthought.
The court agrees with the State. It may be observed at this point that had the claimants considered the use of the two properties to be a unitary use when the State appropriated the smaller parcel, such fact .should have been asserted and consequential damage claimed for the larger parcel. To do so might have required an assignment by the women claimants to their husbands or, perhaps, the four of them might have joined in the claim and raised this issue. None of this happened.
At this moment the claimants would have the court put the seal of approval upon their contention of a unitary use of the two parcels by granting a motion to consolidate the two actions in the names of the men claimants. The court cannot accede to their request. In a social aspect, one often considers man and wife to be one, but the laws of property clearly establish their separate rights to own property. The women in this case owned the smaller parcel. The unitary use sought here of the two parcels in different ownership is in derogation of this principle of law. The burden is entirely on these claimants to establish such unitary use by very clear and convincing proof. This proof may not be offered by affidavits and argument upon motion, but must be by witnesses under oath and presentation of documents upon a trial. The court grants permission for a joint trial of the two separate claims, at which time the claimants may present their proof for the determination of the Trial Judge,